8857

PLANTERS OIL CO. v. LIGHTSEY.

(81 S. E. 1102.)

SALES. DELIVERY. PERFORMANCE OF CONTRACT. NEW TRIALS. APPEAL AND ERROR.

1. Under a contract to sell certain goods at a price f. o. b. a certain point, to be shipped to purchaser at another point named, a delivery to a carrier on a bill of lading to shipper's own order notify purchaser at place named for delivery, freight charges to be there collected; and forwarding such bill of lading attached to draft for contract price less freight charges to f. o. b. point, to be delivered to purchaser on his paying the draft at bank nearest his place of business, at a point other than that of destination, shipper refusing to release them until such draft was paid, is not a delivery of the goods to the purchaser nor a performance of the contract by the seller, where the goods never reached destination because the freight charges thereon were not prepaid.

2. On appeal by plaintiff from order granting a new trial, no error being found in the order, judgment absolute will be rendered against him, and the action dismissed.

Before SPAIN, J., Hampton, February, 1913. Affirmed.

Action by Planters Oil Company against W. F. Lightsey. From order granting a new trial, plaintiff appeals. The facts are stated in the opinion.

*Mr. J. W. Vincent,* for appellant, cites: *Cash sale, contemplated:* Cent. Dig. Sales, par. 230; Decennial Digest Sales 82 (2); 34 N. J. L. 408. *Delivery to carrier was delivery to vendee:* Cent. Digest Sales 377; Dec. Dig. Sales 161; 42 Ala. 199; 54 Atl. 634; 62 L. R. A. 795; 57 Ga. 50. *Appeal lies:* 75 S. E. 553.

*Mr. Geo. Warren,* for respondent, cites: *Appeal from order granting new trial:* 92 S. C. 361; 88 S. C. 350; 83 S. C. 393; 57 S. C. 138. *No delivery to purchaser:* 81 S. C. 226; 153 Pa. St. 440; 72 S. C. 450; 35 Cyc. 333, 343; 123 Pac. 619; 146 Ala. 513; 123 Pac. 619. *Failure to deliver due to seller's failure to prepay freight:* 35 Cyc. 246. *No notice of resale given purchaser:* 77 S. W. 590.

May 25, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

On January 19, 1911, plaintiff contracted, through a broker, to sell defendant 50 tons of cottonseed meal, which was to be shipped to defendant at Crocketville, S. C. Plaintiff's place of business was at Albany, Ga., and, by the terms of the contract, the meal was sold f. o. b. Savannah, Ga., that is, plaintiff was to pay the freight from Albany to Savannah, and defendant was to pay it from Savannah to Crocketville. On January 28, as soon as plaintiff received shipping instructions, the meal, consisting of two carloads, was shipped on what is known as "an order notify shipment;" that is, it was consigned to the order of the plaintiff at Crocketville, with instructions to notify the defendant. The bill of lading, so made out, with sight draft attached for the agreed price, less the freight charges from Albany to Savannah, was sent to the Bank of Hampton, the nearest bank to defendant's place of business.

Crocketville is what is known as a prepay station,—a station to which freight charges must be prepaid, as the rail-

road company has no agent there. Of this fact, plaintiff was ignorant, and the freight charges were not prepaid. When the cars arrived at Hampton, they were sidetracked, and the railroad company notified plaintiff that they would not be forwarded to Crocketville until the freight was paid.

On February 8, plaintiff wrote defendant that it had been so notified, and requested him to pay the draft, get the bill of lading and pay the freight, so that the cars could go forward to destination. Defendant declined to do this, but offered to pay the freight, if plaintiff would release the cars and let them go forward. After some correspondence, extending from February 8 to March 14, in which the parties stated their contentions, and in which the plaintiff insisted that defendant should do as above suggested, and in which defendant finally offered to do so provided plaintiff would reduce the price of the meal $2 per ton, the market having declined that much, because, pending the delay in the shipment, he had had to buy other meal, the plaintiff, on March 25, sold the meal, through a broker, to a fertilizer company at $25 per ton, the best price that could be obtained at that time.

Plaintiff then brought this action to recover the difference in the price of the sale to defendant and the resale for his account, together with the brokerage on the resale, as damages for the defendant's alleged breach of the contract. After hearing the evidence, on motion of plaintiff, the Court directed a verdict for the plaintiff for the full amount claimed. But, on motion of defendant for a new trial, the Court held that he had erred in directing the verdict, and passed an order setting it aside and granting a new trial. From this order plaintiff appealed.

From the facts above stated, it is clear that defendant did not breach the contract. He was under no obligation to pay for the meal, until it arrived at Crocketville. As it never arrived there, plaintiff had no cause of action against him.

Plaintiff contends that delivery of the meal to the carrier was delivery to defendant, and that it is not liable therefor for the refusal of the carrier to carry it to destination without prepayment of the freight. But this contention overlooks the fact that the meal was not shipped to defendant, but to plaintiff's own order. In that way, plaintiff retained title to it, and the carrier was its agent. There was, therefore, no error in setting aside the directed verdict.

Subdivision 2 of section 11 of the Code of Procedure provides, that "upon any appeal from an order granting a new trial on a case made, or on exceptions taken, if the Supreme Court shall determine that no error was committed in granting the new trial, it shall render judgment absolute upon the right of the appellant." * * * Under this provision of the statute, finding no error in the order appealed from, we must render judgment absolute upon the right of the appellant, which is that the order of the Circuit Court be affirmed and the complaint dismissed.

Affirmed.

MR. JUSTICE GAGE did not sit in this case.